Filed 12/8/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SANTA BARBARA COUNTY,<br><br>    Respondent;<br><br>EDGARDO ORTIZ GUEVARA,<br><br>    Real Party in Interest. | 2d. Crim. No. B329457<br>(Super. Ct. No. 1183843)<br>(Santa Barbara County) |

The role of the judiciary is to interpret statutes, not to draft them. Our opinion follows this dictum.

Edgardo Ortiz Guevara was sentenced to 28 years to life under the "Three Strikes" law. His third strike was a nonserious, nonviolent felony. Guevara also had prior prison term enhancements. When the Three Strikes Reform Act of 2012 (Prop. 36) (Reform Act) was enacted by California voters, Guevara petitioned the trial court for relief from his life sentence

pursuant to Penal Code section 1170.126.[1] The trial court denied the petition in February 2015. In January 2023, Guevara moved to have his prior prison term enhancements struck pursuant to section 1172.75.[2] Guevara claimed that the resentencing provision of section 1172.75, subdivision (d), entitled him to have his three strikes life term reduced to eight years, double the term for his current offense, notwithstanding the denial of his section 1170.126 petition. The trial court agreed with Guevara and reduced his life term to eight years. The People petitioned this court for a writ of mandate or prohibition seeking to direct the trial court to recall its sentence and reinstate Guevara's 25-years-to-life sentence. We issue the writ.

## FACTS

In 2009, Guevara was convicted of felony spousal abuse (§ 273.5, subd. (a)) and misdemeanor child endangerment (§ 273a, subd. (b)). Felony spousal abuse is not a serious or violent felony as defined in sections 667.5, subdivision (c), and 1192.7, subdivision (c). Guevara also admitted to two prior strike convictions within the meaning of the Three Strikes law (§§ 667, subd. (e)(2)(A), 1170.12, subd. (c)(2)(A)) and three prior prison terms (§ 667.5, subd. (b)). The trial court sentenced Guevara to 25 years to life under the Three Strikes law plus three years for the prior prison term enhancements. We affirmed. (*People v. Guevara* (Sept. 13, 2010, B218153) [nonpub. opn.].)

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

[2] Effective June 30, 2022, the Legislature renumbered section 1171.1 to section 1172.75. (Stats. 2022, ch. 58, § 12.) There were no substantive changes to the statute. Throughout this opinion, we cite to section 1172.75 for ease of reference.

In 2013, Guevara petitioned for resentencing under the Reform Act. The trial court denied him relief, finding that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126, subd. (f).) We affirmed. (*People v. Guevara* (Apr. 7, 2016, B262954) [nonpub. opn.].) In upholding the trial court's public safety determination, our opinion noted:

"Guevara's criminal record, record of discipline, and the testimony of the witnesses support the trial court's finding. Guevara has an extensive criminal history, which includes five felonies, multiple prison and jail sentences, and probation and parole violations. Although his prior strikes are remote and did not involve personal infliction of violence, he recently possessed deadly weapons in prison. In 2011, a correctional officer searched his cell and found three metal 'inmate manufactured' weapons hidden in two bars of soap. Two of the weapons were sharpened to a point. In 2014, while this petition was pending, Guevara was disciplined for possessing a deadly weapon when a piece of a razor blade was found in the common area of his shared cell. He testified at the resentencing hearing he had no good time or work time credits.

"A gang expert testified that Guevara is a member in good standing of Casa Blanca, a southern Hispanic and Sureno gang. Prison records from 2001 show that he was working with the Mexican Mafia in prison. He was the 'shot caller' for members of southern Hispanic gangs from the 'Inland Empire.' He was placed in administrative segregation in 2001 because the Inland Empire gangs under his influence were 'the major obstacle' to a negotiated truce between northern and southern gang members. In 2012, a prison gang roster showed Guevara was still a

3

southern Hispanic gang member in good standing." (*People v. Guevara*, *supra*, B262954).)

In 2021, the Legislature passed Senate Bill 483 (2021-2022 Reg. Sess.) adding what is now section 1172.75 to the Penal Code. In January 2023, the Department of Corrections and Rehabilitation identified Guevara as being eligible to have his prior prison term enhancements stricken pursuant to section 1172.75, which retroactively invalidated such enhancements imposed prior to January 1, 2020.

In June of 2023, the trial court held a hearing to determine whether Guevara was entitled to have his sentence recalled and be resentenced. The People agreed that the prior prison term enhancements must be stricken but disagreed with Guevara on the scope of resentencing.

Section 1172.75, subdivision (c), provides that if the current judgment includes a prior prison term, "the court shall recall the sentence and resentence the defendant." Section 1172.75, subdivision (d)(2), provides that at the resentencing hearing, "the court shall apply . . . any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."

The People argued that striking the prior prison term enhancements did not affect Guevara's three strikes sentence of 25 years to life. Guevara argued that he must be resentenced under the Reform Act because section 1172.75, subdivision (d)(2) expressly requires the court to "apply . . . any other changes in the law that reduce sentences." Because his third strike was not a serious or violent felony, Guevara argued that the sentence for his current felony should be only doubled. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).)

4

The trial court expressed its concern for public safety, but believed it was compelled by law to resentence Guevara. After striking the three prior prison term enhancements, the court resentenced Guevara to eight years, double the upper term on the felony spousal abuse count. This would make Guevara eligible for imminent release. The People sought a stay and a writ of mandate and appealed to challenge the resentencing. We issued a stay and elected to review the matter in the writ proceeding to expedite its resolution.

DISCUSSION

Under the original Three Strikes law, a defendant with two or more prior serious or violent felony convictions would be sentenced to a life term for a current felony conviction even if the current conviction was not for a serious or violent felony. (Former §§ 667, subd. (e)(2)(A), 1170.12, subd. (c)(2)(C).) Voters enacted the Reform Act, as Proposition 36, in 2012. Under the Reform Act, a defendant with two or more prior convictions for serious or violent felonies, whose current conviction was for a nonserious or nonviolent felony, would no longer receive a life sentence. Instead, the term for the current offense would be doubled. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).)

The Reform Act also provides that any person currently serving a life term pursuant to the Three Strikes law for conviction of a felony that is not serious or violent may petition for resentencing. (§ 1170.126, subd. (b).)[3] The petition must be filed within two years of the effective date of section 1170.126, November 7, 2012, or on a later date upon a showing of good cause. (*Ibid.*) If the petitioner satisfies the criteria for resentencing, the petitioner shall be resentenced as a second

_____

[3] Section 1170.126 is a codified portion of the Reform Act.

5

striker "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."  (§ 1170.126, subd. (f).)

Guevara sought resentencing under section 1172.75. Section 1172.75, subdivision (a), provides that a prior prison term enhancement imposed prior to January 1, 2020, is invalid, except for an enhancement imposed for a prior conviction for a sexually violent offense.  Section 1172.75, subdivision (c), provides that if the court finds that the defendant's current judgment includes an invalid prior prison term enhancement, the court must recall the sentence and resentence the defendant.  Crucial to Guevara's argument is section 1172.75, subdivision (d)(2): "The court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."

Guevara's view of section 1172.75, subdivision (d)(2), automatically mandates the trial court to reduce his indeterminate life term imposed under the Three Strikes law to a determinate term of eight years.  Under this view, section 1172.75, subdivision (d)(2), renders void for those lucky enough to have had a prior prison term enhancement the provisions of section 1170.126, requiring the filing of a petition, the deadline for filing the petition, and the trial court's discretion to deny the petition on the ground of an unreasonable risk to public safety. In other words, contrary to the express words of section 1170.126, subdivision (f), the trial court must release Guevara even though his release has been found to pose an unreasonable risk of danger to public safety.

6

Article II, section 10, subdivision (c), of the California Constitution provides: "The Legislature may amend or repeal a referendum statute. The Legislature may amend or repeal an initiative statute by another statute that becomes effective only when approved by the electors unless the initiative statute permits amendment or repeal without the electors' approval."

In other words, the Legislature may not amend a statute enacted by initiative unless the initiative allows such an amendment, and then only upon such conditions the voters attach. (*People v. Superior Court* (*Pearson*) (2010) 48 Cal.4th 564, 568.)

The Reform Act allows the Legislature to amend it by statute only if the statute passes each house of the Legislature by a vote of two-thirds of the membership. (Prop. 36, § 11(b).) Senate Bill 483 (2021-2022 Reg. Sess.), codified as section 1172.75, did not pass the senate with a two-thirds vote. (Cal. Legislative Information (2021-2022) *SB-483 Sentencing: resentencing to remove sentencing enhancements* [as of Dec. 8, 2023] archived at https://perma.cc/S692-K4XX.)

An amendment changes an existing initiative statute by adding or taking away from it some particular provision. (*Pearson*, *supra*, 48 Cal.4th at p. 571.) Here Guevara's interpretation of section 1172.75, subdivision (d), would result in a wholesale repeal of section 1170.126 for those inmates serving an indeterminate term with a prior prison enhancement. In *People v. Conley* (2016) 63 Cal.4th 646, 658, our Supreme Court recognized that in passing the Reform Act, the voters intended to balance ameliorating the harshness of the original Three Strikes law with protecting public safety. (*Conley*, *supra*, 63 Cal.4th at p. 658.) Guevara's interpretation of section 1172.75, subdivision

7

(d), unconstitutionally eliminates the public safety half of the balance.

Guevara cites *People v. Buycks* (2018) 5 Cal.5th 857, 893 (*Buycks*), for the proposition that when a sentence is recalled, the court has jurisdiction to modify every aspect of the sentence, and not just the portion subjected to the recall. But *Buycks* concerned Proposition 47 (approved November 4, 2014) reclassifying certain drug and theft offenses from felonies and wobblers to misdemeanors. The question was whether it was appropriate to strike felony-based enhancements after the underlying offenses were reduced to misdemeanors. *Buycks* did not involve resentencing procedures for three strikes inmates under the Reform Act. We will not speculate what the Legislature may have intended in enacting section 1172.75, subdivision (d). Even if it did intend to provide for complete resentencing for such inmates as Guevara, the statute would not miraculously become constitutional.

Guevara claims that not applying the resentencing provisions of section 1172.75, subdivision (d), to those in his circumstances would violate equal protection. The Fourteenth Amendment to the United States Constitution prohibits the states from denying any person equal protection of the laws. A claim under the equal protection clause requires a showing that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner. (*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253.)

Guevara argues: "A nonserious nonviolent three striker whose sentence is recalled is similarly situated to a three striker whose commitment offense is a serious or violent felony for purposes of equal protection. Allowing a full resentencing and

8

imposition of a lawful sentence after recall for the latter group, but not for the former, cannot logically be justified, under any level of scrutiny."

If Guevara is suggesting that under section 1172.75 an offender with a serious or violent third strike could receive a reduction in his 25-years-to-life sentence, he cites no supporting authority. The Reform Act did not repeal the original Three Strikes law. It amended the Three Strikes law for nonserious, nonviolent felonies only. The original Three Strikes law was enacted by the Legislature and also enacted by the voters as Proposition 184 on November 8, 1994. The original Three Strikes law does not allow the Legislature to amend it by statute except by a vote of two-thirds of the membership of each house. (Prop. 184, § 4.) The resentencing provision of section 1172.75, subdivision (d), cannot affect the 25-years-to-life sentence for either serious or violent third strike offenders, or for nonserious, nonviolent offenders whose petitions for relief have been denied under section 1170.126.

The two statutory schemes are not so inconsistent that they cannot coexist. Guevara's prior prison term enhancements were struck pursuant to section 1172.75. He petitioned for relief from his Three Strikes life term under section 1170.126. Guevara's petition was denied out of concern for public safety. Guevara received all he was entitled to under both statutes.

The dissent is premised on the theory that when the trial court found Guevara eligible for relief under section 1172.75, his sentence was vacated and he was no longer presently serving an indeterminate term of imprisonment. This leap in logic misses the point. Guevara's three prior prison term enhancements were

9

vacated, but not his 25-years-to-life term mandated by the Reform Act.

Guevara was sentenced to 25 years to life under the original Three Strikes law. The Reform Act allows resentencing, but only for those found not to be a danger to the public. Guevara was found to be a danger to the public. Thus the Reform Act mandates that Guevara remains sentenced to 25 years to life. Section 1172.75 was passed by less than two-thirds of the members of both houses of the Legislature. It may not vacate that sentence.

The dissent states that its view comports with the voters' intent in passing Proposition 36: to require life sentences only when a defendant's current conviction is for a violent or serious crime. But the voters' intent was that a defendant serving an indeterminate term for a nonserious, nonviolent offense, should not have his life sentence reduced if he is found to be a danger to the public.

The dissent relies on section 1172.75, subdivision (d)(1), which provides: "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, *unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety*. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (Italics added.) The dissent states that the italicized portion of section 1172.75, subdivision (d)(1), shows that section 1172.75 does not eliminate the public safety element.

But section 1172.75, subdivision (d)(1), requires a finding of public danger by clear and convincing evidence. The finding of

danger to the public in the Reform Act is by the lesser standard of the discretion of the court. (§ 1170.126, sud. (f).) Moreover, nothing in section 1172.75 can change the 25-years-to-life sentence mandated by the Reform Act.

The dissent suggests that section 1170.126 is not the sole mechanism for an inmate serving an indeterminate sentence for a nonserious, nonviolent felony to be released from prison. That is true. If, for example, Guevara believes he is no longer a danger to the public, he may apply for parole. But because section 1172.75 was not enacted by a two-thirds vote of both houses of the Legislature, it is not the mechanism for relief for those serving an indeterminate term pursuant to the Reform Act.

We need not refute the dissent point by point. No matter how the dissent attempts to rationalize the application of the resentencing provisions of section 1172.75, to Guevara and those similarly situated, the result is an unconstitutional amendment of section 1170.126. That is why Guevara is relying on section 1172.75. He wants to amend the sentence imposed on him pursuant to section 1170.126.

Finally, the dissent acknowledges how unfair it would be to provide relief only to those inmates serving an indeterminate term with prior prison term enhancements and to exclude relief to those with a lesser criminal history. We agree with this acknowledgement. If the Legislature intended to reward defendants serving a prior prison term and not those who had not served prior prison terms, we would agree with Mr. Bumble in Dickens's Oliver Twist that "the law is a ass – a idiot." We in the majority wish to state on the record the law is not "a ass."

11

## DISPOSITION

Let a peremptory writ of mandate issue directing the superior court to vacate its order recalling Guevara's sentence and imposing a second strike sentence, and to reinstate Guevara's three strikes sentence of 25 years to life in prison. This court's temporary stay order of June 13, 2023, shall dissolve upon the respondent superior court's compliance with the peremptory writ.

CERTIFIED FOR PUBLICATION.

GILBERT, P. J.

I concur:

YEGAN, J.

BALTODANO, J., dissenting:

I respectfully dissent. The trial court correctly concluded that Guevara is entitled to have the three prior prison term enhancements stricken from his sentence pursuant to Penal Code[4] section 1172.75. (Maj. opn. *ante*, at pp. 2, 9.) I also believe the court was correct in concluding that Guevara is entitled to the benefit of "any other changes in law that reduce sentences or provide for judicial discretion." (§ 1172.75, subd. (d)(2).) I would accordingly deny the district attorney's writ petition.

*The Three Strikes law*

"Under the Three Strikes law as originally enacted, a felony defendant who had been convicted of a single prior serious or violent felony (a second[-]strike defendant) was to be sentenced to a term equal to 'twice the term otherwise provided as punishment for the current felony conviction.' " (*People v. Conley* (2016) 63 Cal.4th 646, 652 (*Conley*).) "By contrast, a defendant who had been convicted of two or more prior serious or violent felonies (a third[-]strike defendant) was to be sentenced to 'an indeterminate term of life imprisonment with a minimum term of' at least 25 years." (*Ibid.*)

In 2012, the electorate passed Proposition 36, which changed the Three Strikes law's penalty provisions. Relevant here, "many third[-]strike defendants are [now] excepted from the provision imposing an indeterminate life sentence [citation] and are instead sentenced in the same way as second[-]strike defendants [citation]: that is, they receive a term equal to 'twice the term otherwise provided as punishment for the current felony conviction' [citation]." (*Conley*, *supra*, 63 Cal.4th at p. 653; see § 1170.12, subd. (c)(2)(C).) A defendant does not qualify for

---

[4] Statutory references are to the Penal Code.

second-strike sentencing, however, if prosecutors plead and prove one or more disqualifying factors, including, for example, that they intended to cause great bodily injury when committing their current offense.  (See § 1170.12, subd. (c)(2)(C)(iii).)

Proposition 36 also established procedures for resentencing inmates, like Guevara, who were previously sentenced as third strikers and who would be entitled to second-strike sentences under its provisions because their third convictions were not for serious or violent felonies.  (*Conley*, *supra*, 63 Cal.4th at p. 653; see § 1170.126.)  These procedures "apply exclusively to persons presently serving an indeterminate term of imprisonment" under the Three Strikes law (§ 1170.126, subd. (a)), and permit the filing of "a petition for a recall of sentence before the trial court that entered the judgment of conviction" (*Conley*, at p. 653).  If the court finds that the person "would have qualified for a shorter sentence under the [amended] version of the law," they " 'shall be resentenced . . . unless the court, in its discretion, determines that resentencing [them] would pose an unreasonable risk of danger to public safety.' "  (*Ibid.*)

In short, Proposition 36 divided defendants with two prior strike convictions who commit a third nonserious, nonviolent felony into one of two groups.  The first group includes those persons "presently serving" an indeterminate sentence under the pre-Proposition 36 version of the Three Strikes law.  They are subject to the provisions of section 1170.126.  (*Conley*, *supra*, 63 Cal.4th at pp. 655-661.)  The second group includes those sentenced after the passage of Proposition 36.  They are subject to the provisions of section 1170.12.  (*Conley*, at pp. 652-653.)

2

*Section 1172.75*

In 2021, the Legislature passed Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill 483), adding what is now section 1172.75 to the Penal Code.  (Stats. 2021, ch. 728, § 3; see also Assem. Bill No. 200 (2021-2022 Reg. Sess.), Stats. 2022, ch. 58, § 12 [renumbering § 1171.1 as § 1172.75].)  Section 1172.75 requires the Department of Corrections and Rehabilitation (CDCR) to inform trial courts of inmates serving sentences with one or more now-invalid prior prison term enhancements. (§ 1172.75, subd. (b).)  Once a court receives this information and confirms that the inmate's sentence includes an invalid enhancement, it "shall recall [their] sentence and resentence" them.  (*Id.*, subd. (c).)  During resentencing, "[t]he court shall apply . . . any . . . changes in law that reduce sentences or provide for judicial discretion" (*id.*, subd. (d)(2))—i.e., the court shall conduct a full resentencing (*People v. Christianson* (2023) __ Cal.App.5th __, __ (*Christianson*) [2023 WL 7982571, at pp. *5-9]).

"Resentencing pursuant to [section 1172.75] shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety."  (§ 1172.75, subd. (d)(1).) "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the

3

interest of justice." (*Id.*, subd. (d)(3).) "Unless the court originally imposed the upper term, [it] may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term[] and those facts have been stipulated to by the defendant[] or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id.*, subd. (d)(4).)

*Analysis*

In 2009, a jury convicted Guevara of felony domestic violence (§ 273.5, subd. (a)) and misdemeanor child endangerment (§ 273a, subd. (b)). He subsequently admitted that he had suffered two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and served three prior prison terms (former § 667.5, subd. (b)). The trial court sentenced him to 28 years to life in state prison: 25 years to life for his domestic violence conviction pursuant to former section 1170.12, subdivision (c)(2)(A)(ii), plus three years for his prior prison terms pursuant to former section 667.5, subdivision (b).

In 2013, Guevara petitioned the trial court for resentencing pursuant to section 1170.126. The court denied his petition two years later, finding that he posed an unreasonable risk of danger to public safety.

In 2023, CDCR notified the trial court that Guevara was serving a sentence with now-invalid one-year prison prior enhancements. Upon verifying that information, the court was required to recall Guevara's sentence and resentence him. (§ 1172.75, subd. (c).) Once it did that, Guevara's sentence of 28 years to life in prison was vacated. (*People v. Padilla* (2022) 13 Cal.5th 152, 163 (*Padilla*) ["once a court has determined that a

4

defendant is entitled to resentencing, the result is vacatur of the original sentence, whereupon the trial court may impose any appropriate sentence"].)

My colleagues posit that only the prior prison term enhancements were vacated from Guevara's sentence, obviating any need for a full resentencing.  (Maj. opn. *ante*, at pp. 8-10.)  But " 'a criminal sentence is, like an atom, indivisible: "An aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components." ' " (*Christianson*, *supra*, __ Cal.App.5th at p. __, alterations omitted [2023 WL 7982571, at p. *7].)  " ' "The invalidity of one component infects the entire scheme." ' " (*Ibid*.)  " 'By correcting one part of a . . . sentence, the trial court is resentencing the defendant and, in so doing, is not only permitted, but also obligated[,] to look at the facts and the law in effect at the time of that resentencing, including " 'any pertinent circumstances [that] have arisen since the prior sentence was imposed.' " ' " (*Ibid*., alterations omitted.)

Because the trial court recalled his sentence, Guevara was no longer "*presently* serving an indeterminate term of imprisonment" (§ 1170.126, subd. (a), italics added); in the words of the court below, Guevara was an "un-sentenced [d]efendant," so section 1170.126 no longer applied to him (§ 1170.126, subd. (a) [section 1170.126 applies "*exclusively*" to those serving indeterminate terms (italics added)]).  Instead, when the court resentenced Guevara pursuant to section 1172.75, subdivision (d), it was required to do so pursuant to section 1170.12.  (See § 1172.75, subd. (d)(2).)

In my view, sentencing Guevara pursuant to the provisions of section 1170.12, as required by the plain language of sections

5

1170.126 and 1172.75, comports with the Legislature's intent in passing Senate Bill 483: "to eliminate disparity of sentences" (§ 1172.75, subd. (d)(2), "to promote uniformity of sentencing" (*ibid.*), and "to ensure equal justice and address systemic racial bias in sentencing" (Stats. 2021, ch. 728, § 1). It also comports with the electorate's intent in passing Proposition 36: to "requir[e] life sentences *only* when a defendant's current conviction is for a violent or serious crime" and to "[m]aintain that repeat offenders convicted of [nonviolent], [nonserious] crimes . . . will receive *twice the normal sentence instead of* [*a*] *life* [*sentence*]." (Prop. 36, § 1, approved Nov. 6, 2012, eff. Nov. 7, 2012, italics added.) Domestic violence is not listed as a violent or serious crime.

The district attorney claims that *Conley*, *supra*, 63 Cal.4th 646, bars resentencing Guevara pursuant to section 1170.12. I disagree. The issue in *Conley* was whether *In re Estrada* (1965) 63 Cal.2d 740 required the retroactive application of section 1170.12 to nonfinal indeterminate sentences imposed under the pre-Proposition 36 version of the Three Strikes law. (*Conley*, at p. 655.) The Supreme Court held that it did not because Proposition 36 was "not silent on the question of retroactivity" but instead included a retroactivity provision—section 1170.126. (*Conley*, at p. 657.) That section applies to all persons " 'presently serving' " indeterminate sentences, final and nonfinal alike. (*Ibid.*) In other words, section 1170.126 "prescrib[ed] the scope and manner of [Proposition 36's] retroactive application." (*Conley*, at p. 658.) That served to overcome *Estrada*'s presumption of retroactively applying section 1170.12 to nonfinal sentences. (*Conley*, at pp. 657-658.)

6

I believe similar principles require applying section 1170.12 here. Once the trial court recalled his sentence, Guevara was not "presently serving" an indeterminate Three Strikes term—final or nonfinal. (*Padilla*, *supra*, 13 Cal.5th at p. 163.) *Conley* thus does not prohibit the court from resentencing Guevara under section 1170.12. To the contrary, resentencing under section 1170.12 is *required*; just as Proposition 36 was not silent on the issue of retroactivity, Senate Bill 483 is not silent on which laws apply during Guevara's resentencing. (See § 1172.75, subd. (d)(2).)

*Conley* also noted that applying section 1170.126 to persons sentenced before Proposition 36's effective date aligns with the electorate's desire to "strike a balance between the[] objectives of mitigating punishment and protecting public safety." (*Conley*, *supra*, 63 Cal.4th at p. 658.) The district attorney interprets this passage as barring the application of section 1170.12 here because doing so would jettison the public safety valve in section 1170.126. But this interpretation, endorsed by my colleagues (maj. opn. *ante*, at pp. 7-8, 10-11), presumes that section 1172.75 resentencing is automatic—i.e., that it requires striking invalid enhancements and then mechanically applying any other ameliorative changes in the law without considering the effect on public safety. I do not believe it does.

"It is a settled principle of statutory construction that[] courts should 'strive to give meaning to every word in a statute and to avoid constructions that render words, phrases, or clauses superfluous.'" (*In re C.H.* (2011) 53 Cal.4th 94, 103.) Subdivision (d)(1) of section 1172.75 states that resentencing "shall result in a lesser sentence than the one originally imposed . . . *unless the [trial] court finds by clear and convincing*

7

*evidence that imposing a lesser sentence would endanger public safety.*" (Italics added.) Were section 1172.75 resentencing automatic, the italicized portion of subdivision (d)(1) would be superfluous. So, too, would subdivision (d)(3), which permits a court to consider postconviction factors when deciding whether to impose a lesser sentence, and subdivision (d)(4), which guides the court's selection of the upper, middle, and lower terms. Read as a whole, I interpret section 1172.75, subdivision (d) as requiring trial courts to resentence defendants to lesser terms by applying laws that reduce sentences or provide for judicial discretion— unless doing so would endanger public safety.

The district attorney claims this public safety consideration is not possible for inmates like Guevara because applying section 1170.12 will always require reducing indeterminate sentences. That is not accurate. Subdivision (c)(2)(C) of section 1170.12 permits the imposition of indeterminate sentences for defendants with two prior strike convictions who commit a third nonserious, nonviolent felony if prosecutors plead and prove one or more disqualifying factors.

The district attorney also claims that applying section 1170.12, subdivision (c)(2)(C) during section 1172.75 proceedings will require holding "mini-trials" on alleged disqualifying factors, something *Conley* eschewed. (See *Conley*, *supra*, 63 Cal.4th at pp. 659-661.) But the *Conley* court acknowledged that such mini-trials "would not be unprecedented." (*Conley*, at p. 660.) And it did not hold that Proposition 36 banned these trials; it simply noted that conducting them was not something contemplated by the electorate when it passed Proposition 36. (*Conley*, at pp. 660-661.) That further undermined the *Estrada*

8

inference of retroactively applying section 1170.12 to nonfinal sentences. (*Conley*, at pp. 659-661.)

Here, the issue is not whether the electorate intended to have mini-trials on disqualifying factors under section 1170.12, but whether the Legislature has required them under section 1172.75. I believe it has.

Section 1172.75 directs a trial court to analyze the effect of resentencing on public safety, postconviction factors, and whether factors in aggravation have been proven such that imposition of the upper term of imprisonment is permitted. (See § 1172.75, subd. (d)(1), (d)(3), & (d)(4).) It also requires the court to apply changes in law that reduce sentences or provide for judicial discretion. (§ 1172.75, subd. (d)(2).) This includes Senate Bill No. 620 (2017-2018 Res. Sess.), which grants the court the discretion to strike firearm enhancements, and Senate Bill No. 1393 (2017-2018 Res. Sess.), which permits the striking of serious felony enhancements. (*People v. Monroe* (2022) 85 Cal.App.5th 393, 398-402.) Inherent in the exercise of this discretion is allowing prosecutors to show that granting an inmate's request to strike these enhancements is not in the interests of justice. (*Id.* at pp. 396-397.) In many cases the evidence supporting this showing will overlap with evidence indicating the inmate is disqualified from a second-strike sentence under section 1170.12, subdivision (c)(2)(C). This largely mitigates *Conley*'s concern about section 1170.12's pleading-and-proof requirements.

I also disagree with the district attorney's argument, adopted by my colleagues, that applying section 1172.75's resentencing provisions would unconstitutionally remove the public safety assessment required by section 1170.126 for inmates like Guevara. A legislative enactment is

9

unconstitutional if it "prohibits what [an] initiative authorizes[] or authorizes what the initiative prohibits." (*People v. Superior Court (Pearson)* (2010) 48 Cal.4th 564, 571.) But " '[t]he Legislature remains free to address a " 'related but distinct area' " [citations] or a matter that an initiative measure "does not specifically authorize or prohibit" ' " without running afoul of our Constitution. (*Ibid.*)

Here, no one argues that section 1172.75 prohibits anything that section 1170.126 authorizes. Nor does section 1172.75 authorize anything that section 1170.126 prohibits[5]; instead, section 1172.75 simply renders section 1170.126 inapplicable for inmates like Guevara who are no longer "presently serving" indeterminate life sentences—something section 1170.126 explicitly permits. (§ 1170.126, subd. (k) ["[n]othing in this section is intended to diminish or abrogate any rights or remedies otherwise available to the defendant"].) That is constitutional. (See, e.g., *People v. Lopez* (2022) 82 Cal.App.5th 1, 18-25 [Assem. Bill No. 333 did not unconstitutionally amend Prop. 21 by changing applicability of gang conspiracy statute]; *People v. Lee* (2022) 81 Cal.App.5th 232, 240-245, review granted Oct. 19, 2022, S275449 [Assem. Bill No. 333 did not unconstitutionally amend Prop. 21 by restricting those eligible for gang-murder special circumstance]; *People v. Cruz* (2020) 46

---

[5] The California District Attorneys Association, as amicus curiae, argues section 1172.75 authorizes a court to recall a sentence before evaluating a defendant's public safety risk, something section 1170.126 prohibits. This argument presumes that section 1170.126 provides the sole mechanism for an inmate serving an indeterminate sentence for a nonserious, nonviolent felony to be released from prison. I do not believe it does. (§ 1170.126, subd. (k).)

Cal.App.5th 740, 754-759 [Sen. Bill No. 1437 did not unconstitutionally amend Prop. 7 by limiting those eligible for increased murder penalties].)

*Conclusion*

I recognize that the trial court in 2015 found that Guevara posed an unreasonable risk of danger to public safety when it denied his section 1170.126 resentencing petition. But that finding is now nearly a decade old. And if the district attorney believed that Guevara continues to pose such a risk he was free to plead and prove that Guevara should be disqualified from a second-strike sentence by, for example, showing that he intended to inflict great bodily injury when he committed domestic violence. (§ 1170.12, subd. (c)(2)(C)(iii).) He chose not to do so during the proceedings below.

I also recognize that my reading of section 1172.75 is potentially unfair to inmates serving indeterminate sentences for nonserious, nonviolent felonies that do not include a now-invalid prior prison term enhancement. (Cf. *Presbyterian Camp & Conference Centers, Inc. v. Superior Court* (2019) 42 Cal.App.5th 148, 154, review granted Jan. 22, 2020, S259850, affd. (2021) 12 Cal.5th 493 [courts should avoid statutory interpretations that lead to absurd results].) While "certainly troubling," this potential unfairness is "not so *absurd* that we must override the plain meaning of the statutory language" in sections 1170.12, 1170.126, and 1172.75. (*In re D.B.* (2014) 58 Cal.4th 941, 948.) Most of these inmates have presumably petitioned for section 1170.126 relief and were found to pose an unreasonable risk of danger to society. Prosecutors can show that section 1172.75-eligible inmates like Guevara similarly pose a risk to public safety. (§ 1172.75, subd. (d)(1).) And the Legislature is

11

free to develop other avenues to rectify any unfairness to section 1172.75-ineligible inmates—as it has done by enacting other recall and resentencing provisions.  (See, e.g., § 1170.91 [military veterans]; § 1172.1 [inmates identified by CDCR]; § 1172.2 [inmates with serious illnesses]; § 1172.7 [inmates with now-invalid drug enhancements].)  I thus do not believe the conclusion I reach here is "so unreasonable the Legislature could not have intended" it.  (*In re D.B.*, at p. 948.)

CERTIFIED FOR PUBLICATION.

BALTODANO, J.

12

Von T. Nguyen Deroian, Judge

Superior Court County of Santa Barbara

_____

John T. Savrnoch, District Attorney, and Marguerite Clipper Charles, Deputy District Attorney, for Petitioner.

Gregory D. Totten for California District Attorneys Association as Amicus Curiae on behalf of Petitioner.

No appearance for Respondent.

Tracy Macuga, Public Defender, and Laura Arnold, Deputy Public Defender, for Real Party in Interest.

Michael S. Romano for Three Strikes Project, David Mills, George Gascón, Heidi Rummel and Michael Vitiello as Amici Curiae on behalf of Real Party in Interest.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri, Theresa A. Patterson, Wyatt E. Bloomfield and Christopher G. Sanchez, Deputy Attorneys General, for the Attorney General as Amicus Curiae, upon the request of the Court of Appeal.